UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY, TRAVELERS INDEMNITY COMPANY OF AMERICA, TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, and THE CHARTER OAK FIRE INSURANCE COMPANY<br><br>*Plaintiffs*,<br><br>V.<br><br>ALL AMERICAN EXCAVATION, INC. and 2577 GOODWIN LANE, LLC,<br><br>*Defendants*. | §§§§§§§§§§§§§§§§ CIVIL ACTION NO.: 5:19-CV-39 |

## ORIGINAL COMPLAINT

COMES NOW Plaintiffs, The Travelers Indemnity Company ("Travelers"), The Travelers Indemnity Company of America ("TIA"), The Travelers Indemnity Company of Connecticut ("TIC"), and The Charter Oak Fire Insurance Company ("Charter") (hereinafter collectively referred to as "Plaintiffs"), by way of Complaint against Defendants, All American Excavation, Inc. ("All American") and 2577 Goodwin Lane, LLC ("2577") (hereinafter collectively referred to as "Defendants"), and would show the following:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiffs are insurance carriers organized under the laws of the State of Connecticut with a principal place of business at One Tower Square, Hartford, Connecticut. Plaintiffs are authorized to transact business in the State of Texas.

2. Defendant, All American, was a corporation formed under the laws of the State of Texas with its principal place of business in Texas. Defendant 2577 Goodwin Lane, LLC is a limited liability company formed under the laws of the State of Texas. The sole member of 2577 Goodwin Lane, LLC is Travis Franzen who is an individual domiciled in Texas.

3. The amount in controversy between the parties is in excess of $75,000.00.

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332.

## COUNT ONE
**(Breach of Contract)**

5. Plaintiffs repeat, restate, and reallege the allegations of Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. Travelers issued a policy of workers compensation and employers liability insurance to All American under Policy No. UB2F577273 for the effective dates of December 29, 2014 to December 29, 2015 ("2014 UB Policy").

7. TIC issued a policy of workers compensation and employers liability insurance to All American under Policy No. UB2F577273 for the effective dates of December 29, 2015 to September 26, 2016 ("2015 UB Policy").

8. TIA issued a policy of commercial general liability insurance to Defendants under Policy No. CO2F568307 for the effective dates of December 29, 2015, to September 26, 2016 ("2015 CO Policy").

9. Charter issued a policy of commercial insurance to Defendants under Policy No. BA2F577586 for the effective dates of December 29, 2015 to September 26, 2016 ("2015 BA Policy").

10. TIC issued a policy of excess liability (umbrella) insurance to Defendants under Policy No. CUP5467B57A for the effective dates of December 29, 2015 to September 26, 2016 ("2015 CUP Policy). The 2014 UB Policy, 2015 UB Policy, 2015 CO Policy, 2015 BA Policy, and 2015 CUP Policy are hereinafter collectively referred to as the "Policies".

11. The Policies are written contracts which provide insurance coverage for certain liabilities of Defendants pursuant to the terms and conditions of the Policies in exchange for premiums.

12. Plaintiffs fulfilled their contractual obligations and provided the coverage afforded by the Policies.

13. Pursuant to the terms of the Policies, initial premiums for the Policies are based on information submitted by Defendants regarding estimated exposure (i.e. payroll) for the effective dates of coverage.

14. Since the initial premiums are based on estimated information, the Policies are subjected to post-expiration audits based on actual exposure during the effective dates of coverage. The audits can result in additional or return premiums.

15. The audit of the 2014 UB Policy produced additional premiums in the amount of $52,011.76 owed by Defendants to Plaintiffs.

16. The audit of the 2015 UB Policy produced additional premiums in the amount of $37,793.00 owed by Defendants to Plaintiffs.

17. The audit of the 2015 CO Policy revealed additional premiums in the amount of $5,921.23 owed by Defendants to Plaintiffs.

18. Defendants have failed and refused to remit payment of premiums for the 2015 BA Policy, with a total outstanding balance of $27,747.59.

19. Defendants have failed and refused to remit payment of premiums for the 2015 CUP Policy, with total outstanding balance of $9,763.07.

20. Plaintiffs issued invoices and demands for payment of the additional premiums in the amount of $133,236.65 ($52,011.76 + $37,793.00 + $5,921.23 + $27,747.59 + $9,763.07) in a timely fashion.

21. Defendants have failed, refused and continue to refuse to remit payment of $133,236.65 ($52,011.76 + $37,793.00 + $5,921.23 + $27,747.59 + $9,763.07) for the additional premiums Defendants owe to Plaintiffs.

22. Defendants have failed, refused and continue to refuse to pay the balances due and owing to Plaintiffs thereby resulting in damages to Plaintiffs in the amount of $133,236.65, plus interest, attorneys' fees and costs.

23. By failing and refusing to remit payment of the amounts owed to Plaintiffs, Defendants have breached their contracts with Plaintiffs, i.e. the Policies.

24. As a direct result of Defendants' breach, Plaintiffs have suffered damages in the amount of $133,236.65, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the amount of $133,236.65 together with interest, attorneys' fees, costs and such further relief as this Court deems just and proper.

## COUNT TWO
**(Unjust Enrichment)**

25. Plaintiffs repeats, restates and realleges the allegations of Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Plaintiffs have provided insurance coverage and related services to Defendants for which Defendants have refused to pay.

27. Defendants acknowledged and accepted the insurance coverage and related services provided by Plaintiffs.

28.     Defendants benefitted from the insurance coverage and services provided by Plaintiffs.

29.     Defendants have been unjustly enriched by the insurance coverage and related services to Plaintiffs' detriment.

30.     It would be unconscionable for Defendants to retain the benefits of the insurance coverage and related services without payment to Plaintiffs.

31.     Plaintiffs have repeatedly demanded that Defendants remit payment of the amounts due and owing to Plaintiffs.

32.     Defendants have failed, refused and continue to refuse to pay the balances due and owing to Plaintiffs thereby resulting in damages to Plaintiffs in the amount of $133,236.65, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the amount of $133,236.65 together with interest, attorneys' fees, costs and such further relief as this Court deems just and proper.

**COUNT THREE**
**(Account Stated)**

33.     Plaintiffs repeat, restate and reallege the allegations of Paragraph 1 through 24 of this Complaint as if fully set forth herein at length.

34.     Defendants, being indebted to Plaintiffs upon accounts stated between them, promised to pay Plaintiffs upon demand.

35.     Plaintiffs have repeatedly demanded that Defendants remit payment for the amounts owed by Defendants to Plaintiffs.

36.	Defendants have failed, refused and continue to refuse to pay the balance due and owing to Plaintiffs thereby resulting in damages to Plaintiffs in the amount of $133,236.65, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the amount of $133,236.65 together with interest, attorney fees, costs and such further relief as this Court deems just and proper.

Dated: January 14, 2019

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:	*/s/ Peri H. Alkas*_____
	Peri H. Alkas
	Attorney-In-Charge
	TBN: 00783536
	Federal ID No.: 15787
	500 Dallas Street, Suite 1300
	Houston, Texas 77002
	Telephone: 713-626-1386
	Telecopier: 713-626-1388
	Email: peri.alkas@phelps.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**